Rana Nader (SB # 247182) rnader@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:  (949) 553-7547
Facsimile:  (310) 553-7539

*Attorney for Defendant Experian Information Solutions, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MONROE, JR.,<br><br>        PLAINTIFF,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,<br><br>        DEFENDANTS. | Case No. 2:10-cv-01289-JFW (SSx)<br><br>Assigned to Hon. John F. Walter<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT and FED. R. CIV. P. 26(F) REPORT**<br><br>Case Mgmt. Conf. Date:   May 17, 2010<br><br>Case Mgmt. Conf. Time:   8:30 a.m. |

       Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff James Monroe, Jr. ("Plaintiff") and Defendants Trans Union, LLC. ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") submit this Joint Case Management Conference Statement and Rule 26(f) Report.

**1.    The basis for the Court's subject matter jurisdiction over Plaintiff's claims and Defendants' counterclaims…**

       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 – Federal question and FCRA, 15 U.S.C. § 1681(p).  Plaintiff asserts that Supplemental Jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure.  No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

**2.    A brief chronology of the facts and a statement of the principal factual issues in dispute.**

(a) <u>Plaintiff James Monroe, Jr.'s Statement of the Case:</u>

Plaintiff is a "person" and "consumer" as defined in the FCRA, 15 U.S.C. §§ 1681a(b) & 1681a(c) and by the CCCRAA, Cal. Civ. Code §§ 1785.3(b) & 1785.3(j) and a "person" as defined by CUBPA, Cal. Bus. & Prof. Code § 17201 who has suffered injury in fact and has lost money or property as a result of defendants' unfair competition pursuant to CUBPA, Cal. Bus. & Prof. Code § 17204.  Each of the defendants is a "consumer reporting agency" as defined in the FCRA, 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as defined by the CCCRAA, Cal. Civ. Code § 1785.3(d).  Further, each of the defendants is a "person" as defined by CUBPA, Cal. Bus. & Prof. Code § 17201 and was governed by the applicable provisions of the CUBPA, Bus. & Prof. Code § 17200, *et seq.*  The defendants are regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing "consumer reports" to third parties, as defined in the FCRA, 15 U.S.C. § 1681a(d) and by the CCCRAA, Cal. Civ. Code § 1785.3(c).

Beginning on or about February 23, 2009, and continuing for months thereafter, Plaintiff repeatedly sent letters to defendants disputing the reporting of two late payments with respect to a line of credit he had with Bank of America.  However, defendants repeatedly failed to sufficiently respond to Plaintiff's letters or to alter said items.  Defendants failed to follow reasonable procedures to assure maximum possible accuracy and did not take steps to ensure that they would be able to meet the legal requirements of the FCRA, 15 U.S.C. § 1681, *et seq.* and the CCCRAA, Cal. Civ. Code § 1785, *et seq.*

As a result, Plaintiff suffered, and continues to suffer, damages from the denials of loans and/or credit, the loss of credit, the loss of the ability to purchase and benefit from credit, increased interest rates and other unfavorable credit terms, mental and emotional pain and anguish.

Defendants violated the provisions of the FCRA and CCCRAA on multiple

occasions in the following manner:  (i) by failing to follow reasonable procedures in the preparations of consumer reports concerning the Plaintiff and to assure maximum possible accuracy of the information in the reports in violation of the FCRA, 15 U.S.C. § 1681e(b) and the CCCRAA, Cal. Civ. Code § 1785.14(b); (ii) by failing to disclose the nature and substance of all information in its files on the Plaintiff at the time of the requests in violation of the FCRA, 15 U.S.C. § 1681g(a) and the CCCRAA, Cal. Civ. Code §§ 1785.10 & 1785.15; (iii) by failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of the FCRA, 15 U.S.C. §§ 1681l & 1681i(a) and the CCCRAA, Cal. Civ. Code § 1785.16; (iv) by failing to contact some or all of the sources suggested by the Plaintiff during the re-investigation in violation of the FCRA, 15 U.S.C. § 1681i(a) and the CCCRAA, Cal. Civ. Code § 1785.16; (v) by failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof, in violation of the FCRA, 15 U.S.C. § 1681i(c) and the CCCRAA, Cal. Civ. Code § 1785.16; and (vi) by violating the FCRA, 15 U.S.C. §§ 1681i(a)(6) & 1681i(a)(7), the CCCRAA, Cal. Civ. Code § 1785.16, and failing to comply with the notice of results of reinvestigation provision within 15 days of the request.  Additionally, defendants committed unlawful, unfair, or fraudulent business acts in their actions toward Plaintiff, which acts together constitute unfair business practices and unfair competition as defined by CUBPA, Cal. Bus. & Prof. Code § 17200.

   The conduct, actions, and inactions of defendants were negligent and/or willful, thereby entitling Plaintiff to recover under the FCRA, 15 U.S.C. §§ 1681o & 1681n and the CCCRAA, Cal. Civ. Code § 1785.31.  Plaintiff is entitled to declaratory and preliminary and final injunctive relief and to recover actual damages, punitive damages, costs, attorney's fees, and pain and suffering.

   (b)  Defendant Trans Union's Statement of the Case:

   As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Trans

Union can however state the following: Plaintiff has alleged that Trans Union reported inaccurate, false, erroneous and misleading credit information in his credit history and failed to conduct a reasonable investigation and remove information pertaining to a Bank of America credit card account in violation of the FCRA, CCCRAA, and the CUBPA.

Upon information and belief, Trans Union has accurately reported credit information pertaining to Plaintiff. Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA and CCCRAA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. Trans Union accepted information regarding Plaintiff from a reliable source. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under § 1681 s-2(b) of the FCRA and the California equivalent. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA, CCCRAA, and the CUBPA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time, Trans Union does not have knowledge or possession of facts or documents controlled by Plaintiff or Bank of America. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

(c)  Defendant Equifax's Statement of the Case:

Plaintiff has alleged that Equifax Information Services LLC reported inaccurate credit information from his Equifax credit file and failed to conduct a reasonable investigation and failed to remove information pertaining to a Bank of America credit card account in violation of the FCRA, CCCRAA, and the CUBPA.

Equifax is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and at all times acted in compliance with the FCRA.

Equifax denies each and every allegation in Plaintiff's Complaint as they pertain to Equifax, except for those expressly admitted, and hereby adopts its Answer and Affirmative Defenses. The Fair Credit Reporting Act is not a strict liability statute. At all times, Equifax maintained reasonable procedures to assure the maximum possible accuracy of information contained in Plaintiff's credit files and credit reports. Furthermore, Equifax conducted proper and reasonable reinvestigations of the information disputed by Plaintiff, updated any information on the Plaintiff's file as appropriate and necessary and informed Plaintiff of the results of same.

At all times, Equifax acted in good faith and without malice or intent to injure the Plaintiff. Equifax is not liable for any actual, emotional, non-economic or any other damages alleged by Plaintiff. Moreover, Plaintiff cannot provide sufficient evidence to maintain her claim for punitive damages against Equifax.

Equifax's investigation of the underlying facts in this case is ongoing and Equifax reserves the right to supplement this statement as additional information and facts are ascertained.

(d)  <u>Defendant Experian's Statement of the Case:</u>

Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by FCRA § 1681a(f). The FCRA does not require consumer reporting agencies to maintain error free credit reports. Instead, it requires consumer reporting agencies to maintain reasonable procedures to ensure the maximum possible accuracy of the information concerning the individual about whom the report relates. In addition, the FCRA requires consumer reporting agencies to timely investigate if a consumer disputes information on his or her credit report. Experian's entire business involves ensuring the maximum possible accuracy of the credit information in Experian's consumer credit database and the credit reports it issues, which includes the prompt reinvestigation of consumer disputes. Plaintiff alleges that Experian violated 15 U.S.C. §§ 1681, et seq. of the FCRA regarding a Bank of America account(s). Experian denies all claims asserted by Plaintiff and denies Plaintiff is entitled to any

damages. Experian denies that it violated the FCRA, CCCRAA, or CUBPA. At all times, Experian maintained and employed reasonable procedures in preparing Plaintiff's credit reports and maintained the maximum possible accuracy of the information in Plaintiff's credit file.

**3. A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

Plaintiff claims Defendants violated the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785, *et seq.,* California Unfair Business Practices Act, and the FCRA, codified at 15 U.S.C. § 1681 et seq., by failing to follow reasonable procedures to assure maximum possible accuracy in its reports about Plaintiff, by reporting inaccurate and derogatory information about account(s) with Bank of America and by failing to conduct a reasonable reinvestigation after Plaintiff notified Defendant of the errors. Defendants deny all claims asserted by Plaintiff and deny that they violated any statutes under the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785, *et seq.,* California Unfair Business Practices Act, and the U.S.C. §§ 1681, et seq. of the FCRA.

**4. All prior and pending motions, their current status, and any anticipated motions.**

There are currently no pending motions. At this time, Plaintiff and Defendant anticipate that a full or partial motion for summary judgment may be appropriate.

**5. The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

At this time, the parties do not anticipate adding additional parties or amending the pleadings. However, this matter is in its infancy and, accordingly, the parties reserve the right to seek leave to amend the pleadings if necessary. The parties propose July 8, 2010, as the last day to amend or add additional parties.

**6. Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

The parties have not yet exchanged their Rule 26(a) initial disclosures. The parties intend to comply with the initial disclosure requirements of Fed. R. Civ. P. 26 by May 7, 2010.

**7.   Discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, . . .**

Pursuant to Fed R. Civ. P. 26(a)(1)(E), Plaintiff and Defendants Trans Union, Equifax, and Experian have stipulated that they will exchange initial disclosures by May 7, 2010. Other discovery has not yet been conducted. The parties anticipate document discovery, written discovery and depositions as permitted under Rules 30, 33, 34, and 36, of the Fed. R. Civ. P. The parties expect to commence discovery beginning May 8, 2010, by propounding interrogatories, requests for admission, document requests, and notices of deposition. The parties do not propose any limitations on discovery and do not anticipate any discovery disputes.

(a)   Fact discovery cut-off:  November 19, 2010.

(b)   Deadline for full and complete expert disclosures under Fed. R. Civ. P. 26(a)(2)(A)-(C):  September 13, 2010.

(c)   Deadline for completion of all expert depositions:  December 17, 2010.

**8.   Any related cases or proceedings pending before another Judge of this Court, or before another court or administrative body.**

The parties are unaware of any related cases or proceeding pending before another Judge of this Court, or before another court or administrative body.

**9.   All relief sought by the complaint or counterclaim, including the amount of any damages sought, . . .**

Plaintiff is seeking actual damages pursuant to the FCRA, 15 U.S.C. §§ 1681n(a)(1)(A) & 1681o(a)(1), in an amount to be proven at trial; actual damages pursuant to the CCCRAA, Cal. Civ. Code §§ 1785.31(a)(1) & 1785.31(a)(2)(A), in an amount to be proven at trial; punitive damages, pursuant to the FCRA, 15 U.S.C. § 1681n(a)(2), in an amount to be proven at trial; punitive damages of not less than $100,

nor more than $5,000, for each violation pursuant to the CCCRAA, Cal. Civ. Code § 1785.31(a)(2)(B); pre- and post-judgment interest on the amount of any and all economic losses at the prevailing legal rate; restitution in an amount to be proven at trial; forfeiture of fees collected by Defendants; an Order enjoining Defendants unfair business practices; reasonable attorney's fees, litigation expenses, and costs of suit pursuant to the FCRA, 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2) and the CCCRAA, Cal. Civ. Code § 1785.31(d); and such other and further relief as the Court may deem just, equitable, and proper.

**10.     Whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules. . . .**

Each party has filed a Certification as to Interested Parties or Persons.

(a)  Plaintiff James Monroe, Jr.'s Certification provides as follows:

James Monroe, Jr. is the only party having a direct, pecuniary interest on behalf of the plaintiff in this case.

(b)  Defendant Trans Union's Certification provides as follows:

Trans Union LLC is a Delaware limited liability company, which is wholly owned by Trans Union Corp., a Delaware Corporation.  No public company owns 10 percent or more of the stock in Trans Union LLC.  In addition, Trans Union believes that the other parties to this action may have a direct, pecuniary interest in the outcome of this case; however, Trans Union lacks sufficient information or belief with regard to whether they have any related entities which may be similarly interested.

(c)  Defendant Equifax's Certification provides as follows:

1. Equifax Information Services LLC is a wholly-owned subsidiary of Equifax, Inc., a publicly traded company; and

2. Equifax Inc. is a Georgia corporation and is a publicly traded company on the New York Stock Exchange.

(d)  Defendant Experian's Certification provides as follows:

1. Parent Companies: The ultimate parent company of Experian is Experian plc.

2. Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned: (a) First American Real Estate Solutions, LLC; (b) First American Real Estate Solutions II, LLC; (c) Vehicle Title, LLC; (d) Central Source LLC; (e) Online Data Exchange LLC; (f) New Management Services LLC; (g) VantageScore Solutions LLC; (h) Opt-Out Services LLC.

3. Publicly Held Companies: Experian plc owns 100 percent of Experian. Experian plc is a Jersey, Channel Islands company which is publicly traded on the London Stock Exchange.

**11.  An appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date.**

The parties propose the following dates: (a) Discovery Cut-Off: November 19, 2010; (b) Final Motion Cut-Off: January 24, 2011;(c) Final Pretrial Conference: February 22, 2011; and (d) Trial Date: March 21, 2011.

**12.  Whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial.**

Plaintiff has demanded a jury trial, which the parties expect to last approximately one to three days.

**13.  Efforts made to settle or resolve the case to date and the parties' views as to an appropriate plan for maximizing settlement prospects.**

It is difficult to assess the prospects for settlement at this early juncture. The parties have indicated a willingness to participate in good faith, reasonable settlement discussions at the appropriate juncture.

**14.  Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation.**

This case is not complex and does not require the procedure set forth in the Manual on Complex Litigation.

**15.  What motions the parties are likely to make that may be dispositive or partially dispositive.**

At this time, Plaintiff and Defendants anticipate that full or partial motions for summary judgment may be appropriate in the future.

**16.  Any unusual legal issues presented by the case.**

The parties do not anticipate any unusual legal issues.

**17.  Proposals regarding severance, bifurcation, or other ordering of proof.**

The parties are not aware of any particular ordering of proof or severance at trial, including punitive damages.

**18.  Lead Trial Counsel for each party shall also confirm that they are registered as "ECF Users" and shall provide their "E-Mail Address of Record."**

Lead Trial Counsel for each party confirms on its own behalf that he or she is registered as an ECF User and that his or her E-Mail Address of Record appears following his or her respective name in the signature block below.

DATED:  May 3, 2010         s/ Jeffrey C. Engerman
                            Jeffrey C. Engerman, Esq.
                            E-Mail:  JEngerman@EngermanLaw.com
                            *Attorney for Plaintiff James Monroe, Jr.*

DATED:  May 3, 2010         s/ Donald Bradley
                            Donald Bradley, Esq.
                            E-Mail:  D.Bradley@MPGLaw.com
                            *Attorney for Defendant Trans Union, LLC*

DATED:  May 3, 2010         s/ Thomas P. Quinn
                            Thomas P. Quinn, Esq.
                            E-Mail:  TQuinn@NokesQuinn.com
                            *Attorney for Defendant Equifax Information Services, LLC*

DATED:  May 3, 2010         /s Rana Nader
                            Rana Nader, Esq.
                            *Attorney for Defendant Experian Information Solutions, Inc.*